SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Parnian Vafaeenia (SBN 316736)
pvafaeenia@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:      (415) 397-8549

SEYFARTH SHAW LLP
Coby Turner (SBN 266298)
cturner@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, CA  95814
Telephone:     (916) 448-0159
Facsimile:      (916) 558-4839

Attorneys for Defendant
DEVRY UNIVERSITY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA STEMPIEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DEVRY UNIVERSITY, INC., a Delaware Corporation,<br><br>Defendant. | Case No.<br><br>Alameda Superior Court<br>Case No. RG19002623<br>Complaint Filed:  January 15, 2019<br><br>**NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant DeVry University, Inc. ("Defendant" or "DeVry") hereby removes the above-captioned action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, asserting original jurisdiction under 28 U.S.C. §§ 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), and (c), and removal jurisdiction under 28 U.S.C. §§ 1441(a), 1446, and 1453.  Removal is proper for the following reasons.

## PLEADINGS, PROCESSES AND ORDERS

1.      On January 15, 2019, plaintiff Lisa Stempien ("Plaintiff") filed a Class Action Complaint for Damages and Restitution in the Superior Court of California, County of Alameda, entitled:  *Lisa Stempien, individually and on behalf of all others similarly situated, Plaintiff, vs. DeVry University, Inc., a Delaware Corporation, Defendant*, Case Number RG19002623 ("Complaint").  A true and correct copy of the Summons, Complaint, and related process, pleadings, and orders served on Defendant with the Summons are attached hereto as **Exhibit A**.

2.      The Complaint purports to allege five claims for relief, including:  (1) failure to pay wages for all hours worked (Cal. Lab. Code §§ 226.2, 1194, 1194.2; IWC Wage Order No. 4-2001 § 4); (2) failure to authorize and permit paid rest breaks or pay missed rest period premiums (Cal. Lab. Code §§ 226.2, 226.7; IWC Wage Order No. 4-2001, § 12); (3) failure to pay compensation due upon termination (Cal. Lab. Code §§ 201-203); (4) failure to reimburse for business-related cell phone usage (Cal. Lab. Code § 2802); and (5) unfair, unlawful, or fraudulent business practices (Cal. Bus. & Prof. § 17200 *et seq.*).  (*See* Exh. A, Complaint).  The claims in the Complaint are based upon Plaintiff's allegations that she and putative class members were improperly compensated on a per course, piece rate basis, and that putative class members were required to use their cell phones for work without being reimbursed.  The Complaint seeks to certify a class of individuals "currently and formerly employed in California by [Defendant] as adjunct instructors or in a similar capacity…from four years prior to the filing of this Complaint through to the trial date."  (*Id*. at ¶ 2).

3.     On February 13, 2019, Defendant filed an Answer to the Complaint in the Superior Court of California, County of Alameda.  A true and correct copy of the Answer is attached hereto as **Exhibit B**.

4.     Exhibits A-B constitute all pleadings, process, and orders served on Defendant and filed by Defendant in this action.

## TIMELINESS OF REMOVAL

5.     Plaintiff served the Summons and Complaint on January 16, 2019.  This Notice of Removal is timely because it is filed within thirty (30) days of the service upon Defendant of a copy of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (thirty-day removal period begins when defendant is formally served).

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

6.     This Court has original subject-matter jurisdiction under CAFA, codified in relevant part in 28 U.S.C. section 1332(d)(2).  As set forth below, this action is properly removable pursuant to 28 U.S.C. section 1441(a) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a purported class action in which a class member is a citizen of a State different from that of Defendant (28 U.S.C. §§ 1332(d)(2) & (6)), and the number of putative class members is greater than 100.  *See* 28 U.S.C. §§ 1332(d)(5)(B).

## I.     THERE IS MINIMAL DIVERSITY FOR REMOVAL UNDER CAFA

7.     CAFA requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

### A.     Plaintiff Is A Citizen Of California

8.     For diversity purposes, a person is a "citizen" of the state in which she is domiciled.  *See Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Here, Plaintiff specifically alleges that she "is a resident of San Diego who was employed by DeVry as an adjunct instructor at its San Diego Campus from approximately August 2013 until October 2016."  (Exh. A, ¶ 8).  Throughout Plaintiff's employment with DeVry, she listed her home address in California as

her residence for the purposes of her personnel file, payroll checks, and tax withholdings.  (Barnett Decl., ¶ 13).  Plaintiff is, and has been at all times since the institution of this action, a citizen of the State of California.

**B.    Defendant Is Not A Citizen Of California**

9.    Plaintiff was employed by DeVry University, Inc., which is the only defendant in this action.  (Barnett Decl. ¶ 12.)  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

10.    DeVry is not a citizen of California.  It is now, and ever since this action commenced has been, an Illinois corporation, with its principal place of business in the State of Illinois.  (Barnett Decl. ¶ 14).

11.    The appropriate test to determine a corporation's principal place of business is the "nerve center" test.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters.  *Id.*

12.    Pursuant to *Hertz*, DeVry's principal place of business is Illinois because its "nerve center" is located in the State of Illinois.  *Hertz Corp.*, 130 S.Ct. at 1192.

    a.  DeVry's headquarters are located in the State of Illinois and the majority of its executive and administrative functions take place in Naperville, Illinois.  (Barnett Decl. ¶ 14).

    b.  DeVry's high-level management team is based in Illinois and it conducts its business from its Illinois headquarters.  (*Id.*)

    c.  The majority of DeVry's domestic administrative functions, including payroll, accounting, purchasing, marketing, human resources, and information systems are located in Illinois.  (*Id.*)

    d.  Naperville, Illinois is the site of its corporate headquarters and executive offices, where its high level officers direct, control, and coordinate its activities.  (*Id.*)

13.     Accordingly, DeVry is, and has been at all times since this action commenced, a citizen of Illinois pursuant to its state of incorporation and to the "nerve center" test.

**C.      There Are More Than 100 Putative Class Members**

14.     CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100.  *See* 28 U.S.C. § 1332(d)(5)(B).

15.     As noted, the putative California Class is defined as individuals "currently and formerly employed in California by [Defendant] as adjunct instructors or in a similar capacity…from four years prior to the filing of this Complaint through to the trial date."  (Exh. A, ¶ 2.)

16.     From January 15, 2015 to the present (the "putative class period"), there have been approximately 541 California employees who have been employed by Defendant on a course rate basis, and worked during the putative class period, and thus fall within the putative class as defined by Plaintiff.  (Barnett Decl. at ¶ 4.)  Thus, the requisite number of at least 100 putative class members is satisfied here.

**D.      Plaintiff's Claims Place More Than $5,000,000 In Controversy**

17.     *While DeVry denies any liability as to Plaintiff's claims*, the amount in controversy as alleged in the Complaint far exceeds $5,000,000.  All calculations supporting the amount in controversy are based on the Complaint's allegations (along with other documents identified herein), assuming without any admission the truth of the allegations, and assuming liability (which DeVry disputes) is established.  Likewise, these calculations are based on the putative class alleged in the Complaint, and in no way indicate that class treatment is appropriate in this case, or that Plaintiff has standing to represent any proposed class, or that the classes proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure.  DeVry expressly reserves the right to challenge Plaintiff's claims, adequacy and standing to represent any class, her class definitions, and her calculation of purported damages in all respects.  However, for purposes of removal only, DeVry bases its calculations on the allegations, facts known to DeVry, and class definition pled by Plaintiff.

18.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).  Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the

matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

19.    To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must make a plausible claim that the amount in controversy exceeds that amount. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

20.    As Plaintiff has not alleged her particular damages, reasonable estimates of the alleged amount in controversy are appropriate. As such, Courts may assume a 100% violation rate in calculating the amount in controversy for removal purposes when a more precise calculation is not apparent on the face of the complaint. *See, e.g., Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate"); *Flores v. Marriott Resorts Hosp. Corp.*, No. CV 18-8012 JVS (JPRx), 2019 U.S. Dist. LEXIS 6604, at *8 (C.D. Cal. Jan. 7, 2019) ("the Court agrees that a 100 percent violation rate for the relevant time period may be assumed here because Plaintiffs' allegations do not contain any qualifying language such as 'often' or 'sometimes' to suggest violations that were less than uniform").

21.    Moreover, a plaintiff cannot evade federal jurisdiction by alleging that the amount in controversy falls below the jurisdictional minimum. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013); *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 978-82 (9th Cir. 2013).

### 1. Claim For Nonpayment Of Wages

22.     Plaintiff's first claim is for failure to pay for all hours worked.  Plaintiff bases this claim on her allegation that she and the individuals she seeks to represent are non-exempt employees.  Plaintiff alleges "Plaintiff and Class Members were paid a Course Rate for the time spent on teaching courses." (Exh. A, ¶ 45.)  She further alleges, "Defendant did not compensate them for their time spent on Non-Teaching Tasks, separately from the Course Rate, or at all."  (*Id.*)

23.     According to Plaintiff, these so-called "non-teaching tasks" included "(1) arriving on campus at least 30 minutes prior to the start of class to make themselves available to meet with students for office hours and prepare class materials; (2) being available to students to meet for office hours after class; (3) being available to students during the week, including by phone and email and responding to student phone calls and emails within 24 to 48 hours; (4) creating course materials, such as syllabi, online discussions, tests and quizzes; (4) creating faculty expectation lists, course calendars, and bios for posting online; (5) building daily lesson plans and lectures; (6) grading assignments, tests and quizzes and posting grades online along with grading feedback; (7) completing end-of-term checklists with student grades; (8) posting online discussion threads once per week and actively participating in online discussion threads at least 15 minutes a day and 4 days per week; (9) attending faculty orientations, meetings and workshops; (10) attending graduations; (11) taking attendance daily and entering attendance online by midnight the day of the class."  (*Id.* at ¶ 22.)

24.     Though DeVry denies that Plaintiff and the individuals she seeks to represent are non-exempt employees, the amount in controversy with respect to this claim is high.  Plaintiff seeks to have certified a class of employees covering the last four years.  (*Id.* at ¶ 2.)  The approximate number of workweeks worked by putative class members during that time period is approximately 33,688. (Barnett Decl., ¶ 7.) On average, putative class members were paid $2,602 per course during the putative class period.  (*Id.* at ¶ 6.)  On average, each course taught by putative class members during this period was 3.47 hours per session, with a total of eight sessions per year.  (*Id.* at ¶ 8.)  Converting the course rate compensation to an hourly rate, putative class members were paid $94.86 per hour during the putative class period.

25.    Assuming that each putative class member spent an average of five hours per week conducting supposed "non-teaching tasks," if they were teaching one course per session, and an additional 2.5 hours per week conducting "non-teaching tasks" for each additional course per session, the putative class' damages from January 15, 2015 to December 31, 2018 would be approximately **$18,247,125** [$94.86/hour x 5.71 hours/week x 33,688  workweeks].  Thus, an estimate of the amount in controversy for Plaintiff's failure to pay wages claims is approximately **$18,247,125**.

### 2.    Rest Break Claim

26.    Plaintiff's second claim is for failure to authorize and permit rest breaks.  (Exh. A, ¶¶ 48-55.)  Again, this claim is based on the allegation that Plaintiff and the individuals she seeks to represent should be considered non-exempt employees.  Plaintiff alleges "Plaintiff and Class Members regularly worked more than 3.5 consecutive hours in a workday."  (*Id*. at ¶ 52.)  Plaintiff further alleges, "Defendant did not compensate them for their time spent on rest breaks separately and apart from the Course Rate."  (*Id*.)  She claims "Defendant also regularly failed to authorize and permit Plaintiff and Class Members to take paid off-duty rest breaks by requiring them to remain available to students for office hours before, during and after class."  (*Id*. at ¶ 53.)  Accordingly, Plaintiff claims that she and the individuals she seeks to represent are entitled to premium pay for each day Defendant did not authorize and permit them to take a rest break.  Plaintiff's allegations that Defendant failed to authorize and permit statutorily compliant rest breaks, and that Defendant did so on a regular and consistent basis, supports a plausible assumption of a 100% violation rate across the putative class.  *See, e.g., Coleman.*, 730 F. Supp. 2d at 1150.

27.    Plaintiff seeks to have certified a class covering the last four years.  (*Id*. at ¶ 2.)  The approximate number of courses taught by California employees paid by course rate during that time period is approximately 5,782.  (Barnett Decl. at ¶ 5.)  The approximate number of workweeks worked by putative class members during that time period is approximately 33,688.  (*Id.* at ¶ 7.)  Assuming that each putative class member missed one rest period per workweek, per course taught, and further assuming that the average hourly rate established in Section I.D.1. applies, the putative class rest period damages from January 15, 2015 to December 31, 2018 would be approximately **$4,090,424**

[$94.86/hour x 1.28 violations/week x 33,688  workweeks].  Thus, an estimate of the amount in controversy for Plaintiff's rest break claim alone is approximately **$4,090,424**.

### 3.  Waiting Time Penalties Under Labor Code § 203

28.    Plaintiff's third claim for waiting time penalties under Labor Code section 203 is alleged on behalf of "Class Members formerly employed by Defendant ("Waiting Time Penalty Subclass Members")."  (Exh. A, ¶ 6.)  Plaintiff alleges "Defendant willfully failed to pay Plaintiff and other members of the Waiting Time Penalty Subclass for their time spent performing Non-Teaching Tasks, failed to pay for rest breaks separately and apart from the piece, and failed to pay rest break premium pay during their employment, or upon their termination or separation from employment with Defendant."  (*Id*. at ¶ 58.)  The Complaint further alleges that Defendant is liable to these individuals for "waiting time penalties amounting to thirty (30) days wages for each formerly employed Class Member."  (*Id*. at ¶ 60.)

29.    From January 15, 2016 through December 31, 2018, there were approximately 190 terminated putative class members who taught at least one course for Defendant during that same period. (Barnett Decl. at ¶ 9.)  Each course taught at DeVry is assigned a credit value based on the number of in-class instruction hours per week (*e.g.* a three unit course is three hours of instruction time).  (*Id.* at ¶ 8.) Using the same assumed number of "non-productive" hours per week utilized in Paragraph 25, on average, putative class members were working approximately 9.75 hours per week, or 1.95 hours per day.  On average, terminated putative class members were paid $2,474 per course during the putative class period.  (*Id.* at 10.)  On average, each course taught by a terminated putative class member during this period was 3.49 hours per session, with a total of eight sessions per year.  (*Id.* at 11.)  Converting the course rate compensation to an hourly rate, terminated putative class members were paid $94.86 per hour during the putative class period.  As such, a reasonable estimate of the amount in controversy for section 203 penalties is **$1,007,241** [$90.62/hour x 1.95 hours/day x 30 days x 190 class members].

### 4.  Failure To Reimburse For Alleged Business-Related Cell Phone Usage Under Labor Code § 2802

30.    Plaintiff's fourth claims alleges Defendant failed to reimburse putative class members for cell phone expenses.  (Exh. A, ¶¶ 31-32, 62-67.)  Plaintiff alleges that "[i]n order to discharge their

duties for Defendant, Plaintiff and the Class Members were expected and/or required by Defendant's policies to use their own personal cell phones for work-related calls to students." (*Id*., ¶ 64.) According to Plaintiff, "Defendant required Class Members to return all phone calls within 24 hours, but no more than 48 hours, of receiving the call." (*Id*. at ¶ 31.) Plaintiff claims the San Diego campus where she worked was "inadequately equipped with landline phones" for putative class members to use. (*Id*.) Plaintiff further alleges that Defendant had "knowledge of such cell phone usage," but "did not reimburse Plaintiff and the Class Members for their Cell Phone Business Expenses." (*Id*. at ¶ 65.)

31.    The Complaint does not specify what amount Plaintiff would consider reasonable for reimbursement purposes. But assuming that amount to be $25 per workweek, per employee, based on a phone costing approximately $600 every two years, plus $75 per month for a cell phone service plan, the amount in controversy on this claim would be **$842,200** (33,688 workweeks x $25). (Barnett Decl. at ¶ 7.)

### 5. Attorneys' Fees

32.    The Complaint also seeks an award of attorneys' fees. (Complaint at Prayer for Relief, p. 14.) Requests for attorneys' fees may be taken into account in ascertaining the amount in controversy for purposes of removal. *Longmire v. HMS Host U.S., Inc.*, Case No., 12-cv-2203, 2012 WL 5928485, at * 9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over amount in controversy under CAFA.") (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007) (attorneys' fees appropriately included in determining amount in controversy).

33.    In the class action context, courts have found that 25% of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation, and courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *see also Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667, at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request

for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920, at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *In re Quintas Securities Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25% of the common fund).

34.    Thus, even under the conservative benchmark of 25% of the total recovery, attorneys' fees based on the amount in controversy established above could be as high as **$6,046,747.50** [$24,186,990 x .25].  Adding this number to the total purported damages that the Complaint has reasonably placed at issue brings the amount in controversy to **$30,233,737.50**.  Therefore, the amount Plaintiff has placed in controversy easily satisfies CAFA's $5,000,000 requirement.

35.    Since Plaintiff and Defendant are citizens of different states, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, removal is proper.

## VENUE

36.    Venue lies in this Court pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(a).  This action originally was brought in the Superior Court of the State of California, County of Alameda.

## NOTICE OF REMOVAL

42.    Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Alameda.

43.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

//

//

//

//

//

//

//

1

## **PRAYER FOR REMOVAL**

WHEREFORE, DeVry prays that this civil action be removed from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California.


DATED: February 15, 2019.                    Respectfully submitted,

                                             SEYFARTH SHAW LLP


                                             By: /s/ Andrew M. McNaught
                                                 Andrew M. McNaught
                                                 Coby M. Turner
                                                 Parnian Vafaeenia

                                                 Attorneys for Defendant
                                                 DEVRY UNIVERSITY, INC.

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
01/16/2019
CT Log Number 534746774

TO:     Sarah Fischer
        DeVry University, Inc.
        3005 Highland Pkwy Ste 700
        Downers Grove, IL 60515-5799

RE:     **Process Served in California**

FOR:    DeVry University, Inc.  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LISA STEMPIEN, etc., Pltf. vs. DEVRY UNIVERSITY, INC., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Sheet, Instructions, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG19002623 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/16/2019 at 15:24 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | JULIAN HAMMOND<br>HAMMONDLAW, P.C.<br>1829 Reisterstown Rd., Suite 410<br>Baltimore, MD 21208<br>310-601-6766 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/17/2019, Expected Purge Date: 01/22/2019 |
| | Image SOP |
| | Email Notification,  Ruben Ornelas  ruben.ornelas@adtalem.com |
| | Email Notification,  Sarah Fischer  sarah.fischer@adtalem.com |
| | Email Notification,  Bill Caruso  bcaruso@devry.edu |
| | Email Notification,  Chaka Patterson  chaka.patterson@adtalem.com |
| | Email Notification,  Jeffrey Harper  jharper@devrygroup.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / NS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

... 5 2019

... SUPERIOR COURT
... ..., Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DEVRY UNIVERSITY, INC., a Delaware Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISA STEMPIEN, individually and on behalf of all others similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda County Superior Court 1225 Fallon St, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* RG19002623 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Julian Hammond; 1829 Reisterstown Rd. Suite 410, Baltimore, MD 21208; 310-601-6766

| | | |
|---|---|---|
| DATE: January 14, 2018 JAN 1 5 2019 *(Fecha)* | Chad Finke   Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DeVry University, INC., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>HammondLaw P.C.; Julian Hammond (SBN 268489)<br>1829 Reisterstown Rd, Suite 410, Baltimore, MD 21208 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 310-601-6766    FAX NO.: 310-295-2385<br>ATTORNEY FOR *(Name):* Lisa Stempien | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JAN 15 2019<br><br>CLERK OF THE SUPERIOR COURT,<br>By Lanette Dutton, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: 1225 Fallon St |
| CITY AND ZIP CODE: Oakland, 94612 |
| BRANCH NAME: Rene C Davidson |

| CASE NAME:<br>Stempien v DeVry University |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✔ Unlimited    ☐ Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE<br>19002623<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ✔ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ✔ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ✔ Large number of witnesses
   b. ✔ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ✔ Substantial amount of documentary evidence   f. ✔ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Labor Code Sec. 201-203; 226.2; 226.7; 1194; 2802; UCL Claims
5. This case ✔ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 14, 2019
Julian Hammond
_____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Stempien v DeVry University | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ ] Hayward Hall of Justice (447)

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)    [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (check only one) |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G)<br>Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD /<br>WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD /<br>WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally<br>Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of<br>Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlaw.com
HAMMONDLAW, P.C.
1829 Reisterstown Rd., Suite 410
Baltimore, MD 21208
(310) 601-6766
(310) 295-2385 (Fax)

*Attorneys for Plaintiff and the Putative Class*

ENDORSED
FILED
ALAMEDA COUNTY

JAN 15 2019

CLERK OF THE SUPERIOR COURT
By Lanette Bullin, Deputy

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| LISA STEMPIEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>DEVRY UNIVERSITY, INC., a Delaware Corporation,<br><br>    Defendant. | CASE NO. RG19002620<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1)  **Failure to Pay Wages for All Hours Worked (Cal. Labor Code §§ 226.2, 1194, 1194.2; IWC Wage Order No. 4-2001, § 4);**<br>(2)  **Failure to Authorize and Permit Paid Rest Breaks and Pay Premium Pay (Cal. Labor Code §§ 226.2, 226.7; IWC Wage Order No. 4-2001, §§ 4, 12);**<br>(3)  **Failure to Pay Compensation Due Upon Discharge From Employment (Cal. Labor Code §§ 201-203);**<br>(4)  **Failure to Reimburse for Business-Related Cellphone Usage (Cal. Labor Code § 2802); and**<br>(5)  **Unfair, Unlawful, or Fraudulent Business Practices (Cal. Bus. & Prof. Code § 17200 *et seq.*).**<br><br>**DEMAND FOR JURY TRIAL** |

BY FAX

Plaintiff Lisa Stempien ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges the following:

## INTRODUCTION

1.    This is a class action under California Code of Civil Procedure § 382 seeking damages for unpaid wages, unpaid premium pay, unreimbursed business expenses, penalties, interest, and other equitable relief, and reasonable attorneys' fees and costs under Cal. Labor Code ("Labor Code") §§ 226.2, 226.7, 1194, 1194.2, 2802, 201-203, and IWC Wage Order ("Wage Order") No. 4-2001 §§ 4 and 12, Cal. Civ. Proc. Code § 1021.5, and restitution under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq*.

2.    Plaintiff brings this action on behalf of herself and all other similarly situated individuals currently and formerly employed in California by DeVry University, Inc. ("DeVry" or "Defendant") as adjunct instructors or in a similar capacity ("Class Members") from four years prior to the filing of this Complaint through to the trial date ("Class Period"). Defendant's violations of California's wage and hour laws and unfair competition laws, as described more fully below, have been ongoing for at least the past four years, and are continuing at present.

3.    During the Class Period, Plaintiff and Class Members were non-exempt employees and were paid on a piece-rate basis or "Course Rate" – a set amount for each course taught during an academic quarter. However, Defendant failed to pay Class Members at least minimum wage for non-productive work outside the classroom teaching time in violation of Labor Code §§ 226.2 and 1194, and Wage Order No. 4-2001, § 4.

4.    During the Class Period, Defendant failed to authorize and permit Class Members to take paid off-duty rest breaks, failed to pay Class Members for their rest breaks separately and apart from the Course Rate, and failed to pay premium pay for missed rest breaks, in violation of Labor Code §§ 226.2, 226.7 and Wage Order No. 4-2001 § 12.

5.    During the Class Period, Plaintiff and Class Members incurred business expenses in direct consequence of the discharge of their duties, including but not limited to cellular phone related business expenses, for which Defendant did not reimburse them, in violation of Labor Code § 2802.

6.    In addition, this action is brought on behalf of a subclass comprised of Plaintiff and Class Members formerly employed by Defendant ("Waiting Time Penalty Subclass Members"). During the "Waiting Time Penalty Subclass Period" – designated as three years prior to the filing of the Complaint through to the trial date – Defendant failed to pay all compensation due and owing to Waiting Time

Penalty Subclass Members for their non-productive work and rest break premium pay upon discharge from employment in violation of Labor Code §§ 201-203.

7.    As a result of the above Labor Code violations, Defendant committed unfair, unlawful, and fraudulent business practices, in violation of the UCL.

**PARTIES**

8.    Plaintiff is a resident of San Diego who was employed by DeVry as an adjunct instructor at its San Diego campus from approximately August 2013 until October 2016. Plaintiff taught undergraduate and graduate courses offered at Devry University and its Graduate School of Management. During her employment, Plaintiff was subject to Defendant's unlawful conduct described herein.

9.    DeVry is a for-profit college postsecondary education institution, with ten campuses in California including San Francisco, San Jose, Folsom, Fresno, Los Angeles locations in Sherman Oaks and Long Beach, Inland Empire, Pomona, and San Diego, and a military base extension in Twentynine Palms. DeVry is a wholly-owned subsidiary of Cogswell Education, LLC and prior to December 11, 2018 was a wholly-owned subsidiary of Adtalem Global Education, Inc.

**JURISDICTION**

10.    This Court has jurisdiction over Plaintiff's and Class Members' claims for failure to pay wages for all hours worked outside of classroom teaching time under Labor Code §§ 226.2 and 1194 and Wage Order No. 4-2001 § 4.

11.    This Court has jurisdiction over Plaintiff's and Class Members' claims for failure to authorize and permit Class Members to take off-duty rest breaks, failure to pay Class Members for their rest breaks separately and apart from the piece, and failure to pay premium pay for missed rest breaks, under Labor Code §§ 226.2 and 1194 and Wage Order No. 4-2001 §§ 4, 12.

12.    This Court has jurisdiction over Plaintiff's and Class Members' claims for reimbursement of business expenses under Labor Code § 2802.

13.    This Court has jurisdiction over Plaintiff's and Waiting Time Penalty Subclass Members' claims for compensation due upon discharge from employment under Labor Code § 203.

14.    This Court has jurisdiction over the claims for restitution arising from Defendant's violations of Labor Code §§ 226.2, 226.7, 1194, 2802, and Wage Order No. 4-2001 § 4 and 12, under the UCL, Bus. & Prof. Code §§ 17203 and 17204.

15.    This Court has jurisdiction over claims for attorney's fees and costs pursuant to Labor Code § 1194, 2802, and Cal. Civ. Proc. Code § 1021.5.

1    16.    This Court has jurisdiction over the claims for declaratory relief under the UCL, Bus. &
2    Prof. Code §§ 17200 *et seq.*

3    17.    The amount in controversy for Plaintiff, including claims for civil penalties and pro rata
4    share of attorney's fees, is less than seventy-five thousand dollars ($75,000).

### VENUE

5    18.    Venue is proper in the County of Alameda pursuant to Cal. Civ. Proc. Code §§ 395(a)
6    and 395.5. Defendant is Delaware corporation with its headquarters in Chicago, Illinois. Defendant
7    does not maintain a principal place of business in California. In its 2004 Statement of Information
8    ("SOI") filed with the California Secretary of State, Defendant listed a Pomona campus address as its
9    principal office in California. However, Defendant does not list any California address in its completed
10    2017 and 2018 SOIs. Venue is therefore proper in Alameda County.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11    *A.  Defendant's Business and Class Members' Role in Business Operations*

12    19.    Defendant is a for-profit secondary education provider that offers both undergraduate and
13    graduate programs, online and on campus. Areas of study in its undergraduate programs include
14    accounting, finance, computer information systems, criminal justice, medical billing and coding,
15    software development, health management and technology, and others. Its graduate programs include
16    accounting and finance, business administration, healthcare management, human resources, public
      administration and others.
17
18    20.    The programs and courses are scheduled based on four academic semesters (fall, winter,
      spring, summer) with two overlapping calendar cycles. In other words, courses are offered in two 8-
19    week sessions each semester. At the time of matriculation, students are assigned a calendar cycle (cycle
20    1 or cycle 2). Courses typically meet once per week in 3 or 4-hour class sessions. In addition to the
21    scheduled class time, Class Members are required to arrive on campus at least 30 minutes prior to the
22    start of each class in order to be available to students and prepare for class. As a result, any 3-hour class
      requires Class Members to work for at least 3.5 consecutive hours.
23
24    21.    Defendant has employed Class Members as adjunct instructors to teach the courses
      offered at each campus ("Courses") and to substitute and teach classes where another assigned adjunct
25    instructor would be absent ("Substitute Classes"). During the Class Period, Class Members were
26    employed on a per-course basis to teach a specific course. Class Members taught the Courses to students
27    using materials from approved curriculum in accordance with an assigned schedule.

28

22.    During the Class Period, in addition to teaching the Courses and Substitute Classes, Defendant required and expected Class Members to perform numerous non-productive tasks that must necessarily be done outside class time. These tasks include, but are not limited to: (1) arriving on campus at least 30 minutes prior to the start of class to make themselves available to meet with students for office hours and prepare class materials; (2) being available to students to meet for office hours after class; (3) being available to students during the week, including by phone and email and responding to student phone calls and emails within 24 to 48 hours; (4) creating course materials, such as syllabi, online discussions, tests and quizzes; (4) creating faculty expectation lists, course calendars, and bios for posting online; (5) building daily lesson plans and lectures; (6) grading assignments, tests and quizzes and posting grades online along with grading feedback; (7) completing end-of-term checklists with student grades; (8) posting online discussion threads once per week and actively participating in online discussion threads at least 15 minutes a day and 4 days per week; (9) attending faculty orientations, meetings and workshops; (10) attending graduations; (11) taking attendance daily and entering attendance online by midnight the day of the class ("Non-Teaching Tasks").

### B.  *Defendant Compensated Class Members Based on the Number of Courses Taught or Substitute Classes Taught*

23.    During the Class Period, Defendant paid Class Members a flat Course Rate for each Course taught and for each Substitute Class taught. The Course Rate is paid to Class Members for successful completion of each assigned Course.  In any given academic quarter, Defendant scheduled Class Members to teach a different number of Courses, sometimes teaching one, two, or no Courses. For example, Defendant paid Plaintiff a Course Rate of $600 per credit hour, meaning that she was paid $1,800 for 3-credit courses and $2,400 for 4-credit courses. This was the average Course Rate paid to teach one Class for one 8-week academic semester.

24.    During the Class Period, Class Members were also paid a set rate for the successful completion of each assigned Substitute Class.  The set rate was the same the Course Rate, i.e., for a 3-credit course consisting of eight classes, the set rate for teaching one substitute class as was 1/8 of the Course Rate, or $225.

### C.  *Class Members Are Non-Exempt Employees under Wage Order No. 4-2001*

25.    During the Class Period, Class Members did not qualify as exempt under any exemptions set forth in Wage Order No. 4-2001, § 1(A) as Class Members were not paid a salary, but rather by the piece (i.e., by the Course), and, in any event, Class Members were paid less than the monthly salary equivalent of two times the California minimum wage for full-time employment. For example, during

her employment as an adjunct instructor from August 2013 to October 2016, Plaintiff earned substantially less than the applicable monthly salary equivalent of two times the California minimum wage for full-time employment.

26.    As a result, during the Class Period Defendant was required to comply with the wage and hour obligations to Class Members, including but not limited to, the obligation to pay wages for all hours worked, to pay for non-productive time separate and apart from the piece, to authorize and permit paid rest periods, and to pay for time spent on rest periods separate and apart from piece, pursuant to Labor Code §§ 1194, 226.2 226.7 and Wage Order No. 4-2001 §§ 4 and 12.

**D. Defendant's Compensation Practices for Class Members Violated California's Minimum Wage and Rest Period Laws**

27.    Because Class Members are non-exempt employees who are paid by the piece, Defendant is legally required under Labor Code §§ 1194 and 226.2 to pay them at least minimum wage for all hours spent performing Non-Teaching Tasks. However, throughout the Class Period, Defendant failed to pay any wages to Plaintiff and Class Members for the time spent on Non-Teaching Tasks. Nor did Defendant provide any means or mechanism for Plaintiff and Class Members to record their time spent performing Non-Teaching Tasks, and had no practice and/or policy in place to compensate Class Members for any work performed outside of class time.

28.    Defendant is also legally required under Labor Code § 226.2 to pay Class Members their average hourly rate for their time spent on rest breaks separately and apart from the Course Rate, but did not do so. As a result, Defendant authorized, at most, only unpaid rest breaks. Because any rest breaks that Class Members took were unpaid, Defendant failed to authorize compliant rest breaks in accordance with § 12 of the applicable Wage Order and applicable law, thereby triggering an obligation to make premium payments to Class Members under Labor Code § 226.7 and Wage Order No.-2001,

29.    During the Class Period, Defendant's policies and/or practices also did not authorize and permit Class Members to take paid off-duty rest periods.  At a minimum, Plaintiff and Class Members should have been provided a paid 10-minute rest break during their class sessions that were scheduled for at least 3 hours and that were in fact 3.5 hours long including the required 30 minutes of pre-class preparation time. Defendant, however maintained policies and practices that instructed and/or expected Class Members to devote the entire scheduled class time to making themselves available to students including time before class as office hours to answer students' questions. Thus, Defendant failed to authorize and permit compliant rest breaks in accordance with Wage Order No. 4-2001, § 12(A) thereby

triggering an obligation to make premium payments to Plaintiff and Class Members on a class-wide basis under Labor Code § 226.7 and Wage Order No.-2001, § 12(B).

30.    As an additional consequence of Defendant's failure to pay wages owed for Non-Teaching Tasks and premium pay rest breaks, Plaintiff and Waiting Time Penalty Subclass Members did not receive all compensation due to them in their final paychecks. As a result, Plaintiff and the other Waiting Time Penalty Subclass Members did not receive all wages due upon termination; nor did they receive these wages due within 30 days of the separation of their employment from Defendant.

**E. Defendant Failed to Reimburse Class Members for their Necessarily-Incurred Cell Phone-Related Business Expenses**

31.    Throughout the Class Period, Defendant expected and required Class Members to be available to students by phone (and email) during the week. Defendant required Class Members to return all phone calls within 24 hours, but no more than 48 hours, of receiving the call. While Defendant maintained a faculty room for each campus where Class Members could make phone calls to students, it was inadequately equipped with landline phones for all of the Class Members on campus to use. When the faculty room phones were not available, or when Class Members were not on campus or in a different area of the campus, Class Members could not complete their work duties without the use of their personal cell phones. Class Members were also expected and required to provide students with their cell phone numbers to accept calls from them or messages from them regarding tardiness, absence, or other matters.

32.    Throughout the Class Period, Defendant did not furnish Plaintiff and Class Members with a cell phone. Plaintiff and Class Members were thus expected by Defendant to pay for, and have personally paid for, the purchase and maintenance of cell phones in the discharge of their job duties ("Cell Phone Business Expenses"). As such, Defendant was aware, or should have been aware, that Class Members were using their personal cell phones at their own expense in direct consequence of the discharge of their job duties. Defendant did not reimburse Class Members in any amount for any such expenses incurred throughout the Class Period as required by California law under Labor Code § 2802.

**F. Defendant's Labor Code Violations Were Unfair Business Practices**

33.    From at least four years prior to filing this complaint, through the present, Defendant has adopted and used unfair business practices to reduce Class Members' compensation and increase profits. These unfair business practices include failing to pay Class Members for their time spent on rest periods separate and apart from the Course Rate; failing to authorize and permit timely off-duty rest periods; failing to pay premium pay for missed rest breaks; failing to pay Class Members for their time spent

1  Non-Teaching Tasks separately and apart from their Course Rate or at all; and failing to reimburse cell-
2  phone business expenses.

3  **CLASS ACTION ALLEGATIONS**

4  34.    Plaintiff brings this class action pursuant to Cal. Civ. Pro. Code. § 382 on behalf of the
5  Class and Waiting Time Penalty Subclass. Upon information and belief, there are more than 100 Class
6  Members, and more than 100 Waiting Time Penalty Subclass Members. The members of the Class and
   Waiting Time Penalty Subclass are so numerous that joinder of all members is impractical.

7  35.    Plaintiff's claims are typical of the claims of the members of the Class and Waiting
8  Time Penalty Subclass because she was an adjunct instructor who was  (a) not paid at least her average
9  hourly rate for time spent on rest breaks and at least minimum wage for Non-Teaching Tasks separately
10  and apart from the Court Rate, (b) subject to Defendants policies and practices that prevented and/or
   impeded her ability to take authorized and permitted to take paid off-duty rest periods, (c) not paid break
11  premium pay; (d) not paid all wages due at termination, and (e) not compensated for Cell Phone
12  Business Expenses.

13  36.    Plaintiff will fairly and adequately represent the interests of the Class and Waiting Time
14  Penalty Subclass. Plaintiff has no conflict of interest with any member of the Class and Waiting Time
15  Penalty Subclass. Plaintiff has retained competent and experienced counsel in complex class action
16  litigation.  Plaintiff's counsel has the expertise and financial resources to adequately represent the
17  interests of the Class and Waiting Time Penalty Subclass.

18  37.    Common questions of law and fact exist as to all members of the Class and the Waiting
19  Time Penalty Subclass and predominate over any questions solely affecting individual members of the
20  Class and Subclass. Among the questions of law and fact common to the Plaintiff and the Class and
   Subclass are the following:

21  a.  Whether Class Members are non-exempt employees, entitled to at least minimum wage
22     for all hours worked including time spent working outside of teaching the classroom,
23     entitled to paid off-duty rest breaks, and/ or entitled to separate and hourly pay for their
       time spent on Non-Teaching tasks and on rest breaks;
24  b.  Whether a Course rate is a piece rate;
25  c.  Whether Defendant violated Labor Code §§ 226.2 and 1194 and Wage Order No. 4 2001,
26     § 4 by failing to pay Plaintiff and the Class at least minimum wage for their time spent on
27     their Non-Teaching Tasks during the Class Period;

28

d.  Whether Defendant is liable for liquidated damages to Plaintiff and the Class under Labor Code § 1194.2 for its failure to pay for their time spent on Non-Teaching Tasks during the Class Period;

e.  Whether Defendant violated Labor Code §§ 226.2 and Wage Order No. 4-2001, § 4 by failing to pay Plaintiff and the Class separately and apart from the Course Rate for their rest breaks during the Class Period;

f.  Whether Defendant violated Wage Order No. 4-2001 § 12 maintained policies and practices that prevented or impeded Class Members from being authorized and permitted paid rest periods during the Class Period;

g.  Whether Defendant violated Labor Code § 226.7 and Wage Order No. 4-2001 § 12 by failing to pay one hour of premium pay to each member of the Class for each day that a paid rest period was not provided during the Class Period;

h.  Whether Defendant violated Labor Code § 203 by failing to pay Waiting Time Penalty Subclass for all of their wages due to them upon separation of their employment, including the wages owed to them for their time spent on rest periods and Non-Teaching Tasks;

i.  Whether Plaintiff and Class Members incurred Cell Phone Business Expenses;

j.  Whether Defendant's failure to reimburse the Class' Cell Phone Business Expenses was the result of, and/or pursuant to, a business policy or regular practice of Defendant;

k.  Whether Defendant violated Labor Code § 2802 by denying Plaintiff and other Class Members reimbursement for their Cell Phone Business Expenses;

l.  Whether these violations constitute unfair, unlawful, and fraudulent business practices, in violation of UCL;

m.  Whether Plaintiff and Class Members are entitled to restitution under Bus. & Prof. Code § 17200 *et seq.* for uncompensated wages, unpaid premium pay, and unreimbursed Cell Phone Business Expenses; and

n.  The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class and Subclass Members;

o.  Whether the Class is entitled to declaratory relief.

38.    Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Class Members are readily identifiable from Defendant's employee rosters and/or payroll records.

39.     Defendant's actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of each Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

40.     Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of each Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

### FIRST CAUSE OF ACTION
**Failure to Pay for All Hours Worked**
**[Cal. Labor Code §§ 226.2, 1194, 1194.2; Wage Order No. 4-2001, § 4]**

41.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

42.     Labor Code § 1194 provides, in relevant part:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage [...], including interest thereon, reasonable attorney's fees, and costs of suit."

43.     Labor Code § 1194.2 provides, in relevant part:

"In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. ..."

44.     Labor Code § 226.2(a)(1) states that "employees shall be compensated for...nonproductive time separate from any piece-rate compensation."

45.     As set forth above, during the Class Period, Plaintiff and Class Members were paid a Course Rate for the time spent on teaching courses, but Defendant did not compensate them for their time spent on Non-Teaching Tasks, separately from the Course Rate, or at all.

46.     Accordingly, pursuant to § 4 of the Wage Order and Labor Code §§ 226.2, 1194 and

1194.2, Plaintiff and the Class are entitled to recover, at a minimum, their unpaid hourly wages, plus liquidated damages in an additional amount equal to the total amount of applicable minimum wages unlawfully withheld during the Class Period for Class Members' time spent on Non-Teaching Tasks.

47.    Plaintiff, on behalf of herself and all other Class Members, requests relief as described below.

## SECOND CAUSE OF ACTION
**Failure to Authorize and Permit Paid Rest Periods or Pay Missed Rest Period Premiums**
**[Cal. Labor Code §§ 226.2 and 226.7; IWC Wage Order No. 4-2001 § 12]**

48.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49.    Labor Code § 226.2(a)(1) states that "employees shall be compensated for rest and recovery periods.... separate from any piece-rate compensation."

50.    Wage Order No. 4-2001 § 12(A) provides:

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

51.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

52.    As set forth above, during the Class Period, Plaintiff and Class Members regularly worked more than 3.5 consecutive hours in a workday. However, Defendant did not compensate them for their time spent on rest breaks separately and apart from the Course Rate, as required under Labor Code § 226.2.

53.    Defendant also regularly failed to authorize and permit Plaintiff and Class Members to take paid off-duty rest breaks by requiring them to remain available to students for office hours before, during and after class, in violation of Wage Order No. 4-2001 § 12.

54.    As a result of Defendant's policies and practices, Plaintiff and the Class were not authorized and permitted to take compliant rest breaks, and are entitled to recover one additional hour of pay at the employee's regular rate of compensation for each day in which Defendant failed to authorize and permit Class Members to take paid rest periods as required under Labor Code § 226.7 and Wage

1  Order No. 4-2001 § 12.

2      55.    Plaintiff, on behalf of herself and all other Class Members, requests relief as described

3  below.

4                              **THIRD CAUSE OF ACTION**
                        **Failure to Pay Compensation Due Upon Termination**
5                               **[Cal. Labor Code §§ 201-203]**
                        **As to Plaintiff and the Waiting Time Penalty Subclass**
6
        56.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in
7
   the preceding paragraphs.

8      57.    Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to

9  Class Members promptly after their employment was terminated.  Labor Code § 203 provides that if an

10 employer willfully fails to pay compensation promptly upon discharge or resignation, as required by

11 §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to 30

12 work days.

        58.    As alleged herein, Defendant willfully failed to pay Plaintiff and other members of the
13
   Waiting Time Penalty Subclass for their time spent performing Non-Teaching Tasks, failed to pay for
14
   rest breaks separately and apart from the piece, and failed to pay rest break premium pay during their
15
   employment, or upon their termination or separation from employment with Defendant, as required by
16 Labor Code §§ 201 and 202.

17     59.    In light of the clear law requiring that Defendant pay for time spent on Non-Teaching
18 Tasks and rest breaks hourly and separately from the Course Rate, and the clear law requiring
   Defendant to authorize and permit Class Members to take off-duty rest breaks and pay premium pay for
19 missed rest breaks, Defendant's failure to pay wages for such time was willful.

20     60.    As a result, Defendant is liable to Plaintiff and other members of the Waiting Time
21 Penalty Subclass for waiting time penalties amounting to thirty (30) days wages for each formerly
22 employed Class Member pursuant to Labor Code § 203.

23     61.    Plaintiff, on behalf of herself and all other Class Members, requests relief as described
24 below.

25                              **FOURTH CAUSE OF ACTION**
                        **Failure to Reimburse Cell Phone Business Expenses**
26                               **[Cal. Labor Code § 2802]**

27     62.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in
28 the preceding paragraphs.

63.    Labor Code § 2802 provides:

"[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

64.    In order to discharge their duties for Defendant, Plaintiff and the Class Members were expected and/or required by Defendant's policies to use their own personal cell phones for work-related calls to students.

65.    Although having knowledge of such cell phone usage, Defendant did not reimburse Plaintiff and the Class Members for their Cell Phone Business Expenses, as required by Labor Code § 2802.

66.    Defendant's failure to reimburse Plaintiff's and Class Members' Cell Phone Business Expenses violated non-waivable rights secured to them by Labor Code § 2802. Plaintiff and the other Class Members are entitled to reimbursement for these Cell Phone Business Expenses, plus interest and attorneys' fees and costs, under Labor Code § 2802.

67.    Plaintiff, on behalf of herself and all other Class Members, requests relief as described below.

## FIFTH CAUSE OF ACTION
### Violation of Unfair Competition Laws
[Cal. Bus. & Prof. Code § 17200 *et seq.*]
### As to Plaintiff and the Class

68.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

69.    The UCL prohibits any unlawful, unfair, or fraudulent business practices. Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards. Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL, because Defendant's conduct has violated state wage and hour laws as herein described.

70.    Beginning at least four years prior to the filing of this Complaint, Defendant committed, and continues to commit, acts of unfair competition, as defined in the UCL by wrongfully denying Class Members payment in the amount of at least minimum wages for all their hours worked in violation of Labor Code §§ 226.2 and 1194 and Wage Order No. 4-2001 § 4; by failing to pay Class Members for

their rest breaks separately and apart from the Course Rate in violation of Labor Code § 226.2; by failing to authorize and permit paid rest breaks and pay premium pay for missed rest breaks in violation of Labor Code § 226.7 and Wage Order No. 4-2001 § 12; and by failing to reimburse Class Members for their Cell Phone Business Expenses in violation of Code § 2802.

71. By its actions and omissions, Defendant has substantially injured Plaintiff and the Class Members. Defendant's conduct as herein alleged has damaged Plaintiff and the Class and was substantially injurious to them.

72. The harm to Plaintiff and the Class resulting from Defendant's labor code violations outweighs the utility, if any, of Defendant's policies and practices. Therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

73. Plaintiff, on behalf of herself and all other Class Members, requests relief as described below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A. An Order that this action may proceed and be maintained as a class action, with the Class and Subclass as designated and defined in this Complaint, and that the Plaintiff and her counsel be certified as representatives and Counsel for the Class and Subclass, respectively.

B. On the First Cause of Action: That the Court find and declare that Defendant violated Labor Code §§ 226.2, 1194, and 1194.2 and Wage Order No. 4-2001, § 4 by failing to pay Plaintiff and Class Members for their time spent on Non-Teaching Tasks separately and apart from the Course Rate, or at all, and award Plaintiff and the Class the amount of their unpaid minimum wages owed to them for Non-Teaching Tasks, plus liquidated damages in an additional amount equal to the amount of wages unlawfully withheld during the Class Period.

C. On the Second Cause of Action: That the Court find and declare that Defendant violated Labor Code §§ 226.2, 226.7 and Wage Order No. 4-2001, § 12 by failing to pay Plaintiff and Class Members for their time spent on rest breaks separately and apart from the Course Rate, failing to authorize and permit timely off-duty rest breaks, and failing to pay premium pay for rest breaks; and award Plaintiff and the Class unpaid premium pay for missed rest breaks.

A. On the Third Cause of Action: That the Court find and declare that Defendant has violated §§ 201–203 of the California Labor Code, and award Plaintiff and the Waiting Time Penalty Subclass penalties in the amount of 30 days' wages per Waiting Time Penalty Subclass member;

B.  <u>On the Fourth Cause of Action</u>: That the Court find and declare that Defendant's business expense policies and/or practices violate California law, including Labor Code § 2802, by refusing and/or failing to reimburse Cell Phone Business Expenses incurred by Plaintiff and Class Members, and that the Court award to Plaintiff and the Class Members all Cell Phone Business Expenses, and interest thereon, that they are owed, pursuant to Labor Code § 2802, in an amount to be proved at trial;

C.  <u>On the Fifth Cause of Action</u>: That the Court find and declare Defendant has violated the UCL failing to authorize and permit paid rest breaks for members of the Class and failing to pay Class Members for their rest beak separately and apart from the Course Rate, in violation of Labor Code §§ 226.2, 226.7, and Wage Order No. 4-2001, § 12; by failing to pay Class Members for their Non-Teaching Tasks; and failing to reimburse their Cell Phone Business Expenses; and award restitution to the Class, including, but not limited to, an additional hour of pay at the employee's regular rate of compensation for each day that a paid rest break was not provided during the Class Period; wages owed to them for Non-Teaching Tasks and reimbursement of their Cell Phone Business Expenses;

D.  That the Court award attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Labor Code §§ 1194, 2802(c) and Cal. Civ. Pro. Code § 1021.5.

E.  All other relief as this Court deems proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all claims against Defendant alleged herein.

Dated: January 14, 2019                    Respectfully submitted,


By: Julian Hammond
HAMMONDLAW, P.C.
*Attorneys for Plaintiff*



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

QUESTIONS?  Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o Court Mediation Program: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

- Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

    o Private Mediation: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

    o Judicial Arbitration Program (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

    o Private Arbitration (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

SEEDS Community Resolution Center
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

Center for Community Dispute Settlement
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
Catholic Charities of the East Bay: Oakland
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:             FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided.

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

   Date:                    Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▷ _____
    (TYPE OR PRINT NAME)                        (SIGNATURE OF PLAINTIFF)

Date:

_____        ▷ _____
    (TYPE OR PRINT NAME)                        (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

▶ _____

_____

(TYPE OR PRINT NAME)                                    (SIGNATURE OF DEFENDANT)

Date:

▶ _____

_____

(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS

Cal. Rules of Court,
rule 3.221(a)(4)

# EXHIBIT B

1
2
3
4
5

SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Parnian Vafaeenia (SBN 316736)
pvafaeenia@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

6
7
8
9

SEYFARTH SHAW LLP
Coby Turner (SBN 266298)
cturner@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

10

Attorneys for Defendant
DEVRY UNIVERSITY, INC.

11

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 3 2019

SUE PESKO

12

13              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

14                          COUNTY OF ALAMEDA

15

16   LISA STEMPIEN, individually and on behalf of        Case No. RG19002623
     all others similarly situated,

17                                                        **DEFENDANT DEVRY UNIVERSITY,**
                      Plaintiff,                          **INC.'S ANSWER TO PLAINTIFF'S**

18                                                        **CLASS ACTION COMPLAINT**

            vs.
19                                                        Date Action Filed:      January 15, 2019
     DEVRY UNIVERSITY, INC., a Delaware                   Trial Date:             None set

20   Corporation,

21                    Defendant.

22

23

24

25

26

27

28

---
                        DEFENDANT'S ANSWER TO COMPLAINT

54879386v.1

1    Defendant DEVRY UNIVERSITY, INC. ("Defendant") hereby answers the unverified

2    Complaint ("Complaint") filed on behalf of LISA STEMPIEN ("Plaintiff"), purportedly acting on behalf

3    of herself and others similarly situated as follows:

### GENERAL DENIAL

5    Pursuant to California Code of Civil Procedure sections 431.30 and 430.10, Defendant denies,

6    generally and specifically, each and every allegation, and each purported cause of action contained in

7    Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff has been

8    damaged in any amount, or at all, by reason of any alleged act or omission of Defendant. Defendant

9    further denies, generally and specifically, that Plaintiff has suffered any loss of wages, or that she is

10    entitled to any overtime, penalties, compensation, benefits or restitution, or any other legal or equitable

11    relief within the jurisdiction of this Court.

12    In further answer to the Complaint, and as separate and distinct affirmative or additional

13    defenses, Defendant alleges as follows:

### FIRST DEFENSE

(Failure To State A Cause Of Action — All Causes of Action)

16    The Complaint, and each purported cause of action alleged therein, fails to state any cause of

17    action upon which relief can be granted.

### SECOND DEFENSE

(Exempt Employee Status — All Causes of Action)

20    Plaintiff, and each individual she seeks to represent, were and are exempt employees pursuant to

21    California Labor Code section 515 and the implementing rules and regulations of the California

22    Industrial Welfare Commission Occupational Wage Orders, as well as applicable case authority.

### THIRD DEFENSE

(Waiver — All Causes of Action)

25    The claims of Plaintiff, and the individuals she seeks to represent, are barred, in whole or in part,

26    by the doctrine of waiver.

27

28

2

DEFENDANT'S ANSWER TO COMPLAINT

1    **FOURTH DEFENSE**

2    (Estoppel — All Causes of Action)

3    Plaintiff, and those individuals she seeks to represent, are estopped by their conduct from

4    asserting any cause of action against Defendant.

5    **FIFTH DEFENSE**

6    (Release — All Causes of Action)

7    Plaintiff's claims, and the claims of those she seeks to represent, are barred in whole or in part to

8    the extent that Plaintiff or any individual she seeks to represent entered into a valid release in relation to

9    the subject claims.

10    **SIXTH DEFENSE**

11    (Laches — All Causes of Action)

12    Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in part,

13    by the doctrine of laches.

14    **SEVENTH DEFENSE**

15    (Unclean Hands — All Causes of Action)

16    Plaintiff's claims, and the claims of those she seeks to represent, are barred, in whole or in part,

17    by the doctrine of unclean hands.

18    **EIGHTH DEFENSE**

19    (Failure To Comply With Employer's Directions — All Causes of Action)

20    This Complaint is barred by Labor Code section 2856 to the extent that Plaintiff or any

21    individual she seeks to represent failed to comply with all the directions of their employer, and such

22    failure proximately caused the alleged losses for which Plaintiff or those individuals seek relief.

23    **NINTH DEFENSE**

24    (Degree Of Skill — All Causes of Action)

25    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent

26    that Plaintiff or any individual she seeks to represent failed to exercise a reasonable degree of skill in

27    performing their job duties, pursuant to California Labor Code section 2858 and 2859.

28

3

1

## TENTH DEFENSE

2

(Statutes Of Limitation — All Causes of Action)

3    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the

4    applicable statutes of limitation for each alleged cause of action, including but not limited to, California

5    Code of Civil Procedure sections 312, 338, 340, and 343, and California Business and Professions Code

6    section 17208.

7

## ELEVENTH DEFENSE

8

(No Equitable Tolling — All Causes of Action)

9    Plaintiff's Complaint, and each purported cause of action alleged therein, is not entitled to

10   equitable tolling because the allegations in the Complaint do not meet the requisite standard.

11

## TWELFTH DEFENSE

12

(Arbitration — All Causes of Action)

13   To the extent Plaintiff and/or the individuals she seeks to represent have executed agreements to

14   arbitrate that encompass claims alleged in the Complaint, their claims are barred by their contractual

15   agreement to arbitrate.

16

## THIRTEENTH DEFENSE

17

(*De Minimis* Doctrine — All Causes of Action)

18   The Complaint seeks compensation for time which, even if in fact worked, was *de minimis*, and

19   therefore is not recoverable.

20

## FOURTEENTH DEFENSE

21

(No Knowledge — First, Second, Third, and Fifth Causes of Action)

22   Plaintiff's claims, and the claims of those persons she purports to represent, are barred to the

23   extent that Defendant did not have actual or constructive knowledge of any timely rest breaks allegedly

24   denied to, or any overtime hours worked by Plaintiff or any person she purports to represent.

25

26

27

28

54879386v.1

1 | **FIFTEENTH DEFENSE**

2 | (Rest Periods Were Taken — Second, Third, and Fifth Causes of Action)

3 | Plaintiff's claims, and the claims of those persons she seeks to represent, for failure to provide

4 | rest periods, are barred to the extent Plaintiff and/or putative class members took rest periods, or

5 | voluntarily chose not to take such periods provided.

6 | **SIXTEENTH DEFENSE**

7 | (Contribution By Plaintiff's Own Acts — All Causes of Action)

8 | If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant denies),

9 | such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's

10 | own acts, omissions, and/or failure to act.

11 | **SEVENTEENTH DEFENSE**

12 | (Not Hours Worked — First, Third, and Fifth Causes of Action)

13 | Plaintiff's causes of action are barred because the hours Plaintiff alleges were worked are not

14 | "hours worked" within the meaning of applicable law.

15 | **EIGHTEENTH DEFENSE**

16 | (Good Faith Dispute: Labor Code § 203 — First, Second, Third, and Fifth Causes of Action)

17 | Plaintiffs and those individuals they seek to represent are not entitled to Labor Code section 203

18 | penalties because a good faith dispute existed as to the monies allegedly owed at the time of the alleged

19 | termination, such that Defendants cannot be held to have willfully failed to comply with the

20 | requirements of the applicable Labor Code sections.

21 | **NINETEENTH DEFENSE**

22 | (No Overtime Worked — First, Third, and Fifth Causes of Action)

23 | Even if Plaintiff and any purportedly similarly situated current or former employees were non-

24 | exempt employees of Defendant (which Defendant denies), they were not entitled to overtime

25 | compensation because they never worked more than eight hours in a day, or over 40 hours in a week, or

26 | any other work schedule that required overtime pay.

27 |

28 |

DEFENDANT'S ANSWER TO COMPLAINT

54879386v.1

**TWENTIETH DEFENSE**

(No Unlawful, Unfair Or Fraudulent Business Practice — Fifth Cause of Action)

Without admitting the allegations of the Complaint, Defendant alleges that Plaintiff's Complaint, and each purported cause of action alleged therein, fails because the alleged practices of Defendant are not unfair, unlawful or fraudulent, the public is not likely to be deceived by any alleged practices, Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

**TWENTY-FIRST DEFENSE**

(No Recovery Under UCL — Fifth Cause of Action)

Plaintiff's cause of action pursuant to California Business & Professions Code section 17200, *et seq.* fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claim under the UCL.

**TWENTY-SECOND DEFENSE**

(No Section 17200 Standing — Fifth Cause of Action)

Plaintiff, and the those persons she seeks to represent, lack standing to sue pursuant to California Business & Professions Code section 17200, *et seq.*, because Plaintiff and/or those she seeks to represent have not suffered any injury in fact or lost money or property as a result of any alleged unfair competition, and/or penalties are unavailable under the statutes Plaintiff sues upon.

**TWENTY-THIRD DEFENSE**

(Lack Of Standing — All Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred for lack of subject matter jurisdiction to the extent Plaintiff and the individuals she seeks to represent lack standing to bring their claims in either an individual, class or representative capacity.

DEFENDANT'S ANSWER TO COMPLAINT

54879386v.1

## TWENTY-FOURTH DEFENSE

(Failure To State Facts Warranting Class Certification And Class Damages Or Any Other
Representative Action — All Causes of Action)

Plaintiff's allegations that this action should be certified as a class action or representative action fail as a matter of law because Plaintiff cannot allege facts sufficient to warrant class certification and/or an award of class damages, pursuant to California Code of Civil Procedure section 382 or Rule 23 of the Federal Rules of Civil Procedure. Plaintiff likewise has failed to set forth any facts supporting any other form of representative action.

## TWENTY-FIFTH DEFENSE

(Lack Of Standing For Injunctive Relief — All Causes of Action)

The claims of Plaintiff and putative members of the purported class for injunctive and other equitable relief are barred because putative class members are former employees and thus have no standing to seek injunctive or other equitable relief.

## TWENTY-SIXTH DEFENSE

(Not Appropriate For Class Action — All Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff cannot establish numerosity; (b) Plaintiff is an inadequate representative of the purported class; (c) Plaintiff cannot establish commonality of claims; (d) Plaintiff cannot establish typicality of claims; and (e) the individualized nature of Plaintiff's claims predominate and thus make class treatment inappropriate.

## TWENTY-SEVENTH DEFENSE

(No Ascertainable Class — All Causes of Action)

The putative class that Plaintiff purports to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported class members.

54879386v.1

## TWENTY-EIGHTH DEFENSE

#### (Class Action Not Superior Method Of Adjudication — All Causes of Action)

The alleged claims are barred, in whole or in part, as a class action, because a class action is not the superior method of adjudicating this dispute.

## TWENTY-NINTH DEFENSE

#### (Class Conflicts — All Causes of Action)

Plaintiff's class claims are barred because class certification would be inappropriate due to conflicts of interest between Plaintiff and the proposed class members.

## THIRTIETH DEFENSE

#### (Adequate Remedy At Law — All Causes of Action)

Plaintiff is not entitled to the equitable relief sought insofar as she has an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

## THIRTY-FIRST DEFENSE

#### (Res Judicata, Collateral Estoppel, and Issue Preclusion — All Causes of Action)

Plaintiff's Claims, and those of the persons she seeks to represent, are barred to the extent that Plaintiff or any individuals she seeks to represent were claimants or plaintiffs or could have been claimants or plaintiffs in any prior litigation or administrative action in which the present claims were or could have been asserted including, but not limited to, any prior class action, collective action, Private Attorney General Act action, claim before the Division of Labor Standards Enforcement, or individual case relating to Plaintiff's employment or the employment of any persons she seeks to represent. Plaintiff's claims are further barred to the extent that the relief she seeks in this action, or any claim on an issue relevant to this action, was decided against Plaintiff, against any individuals Plaintiff seeks to represent, or against any individuals with similar interest in litigating the matter, in a prior judicial or agency action.

54879386v.1

## THIRTY-SECOND DEFENSE

### (Offset — All Causes of Action)

To the extent that Plaintiff or any individual she seeks to represent is entitled to damages or penalties, Defendant is entitled to an offset for any overpayments of wages or other remuneration previously provided to Plaintiff or that individual.

## THIRTY-THIRD DEFENSE

### (Setoff And Recoupment — All Causes of Action)

To the extent a court holds that Plaintiff or putative members of the purported class is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff or putative members of the purported class owed to Defendant against any judgment that may be entered against Defendant.

## THIRTY-FOURTH DEFENSE

### (Conduct Reasonable And In Good Faith/Not Willful — All Causes of Action)

To the extent a court holds that Plaintiff or putative members of the purported class is entitled to damages or penalties, which is specifically denied, Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that it had complied fully with California wage and hours laws. Consequently, Defendant's conduct was not knowing or willful within the meaning of the California Labor Code.

## THIRTY-FIFTH DEFENSE

### (Incorporation by Reference to Individual Claims — All Causes of Action)

In the event that a class should be certified in this matter, Defendant incorporates by reference and re-alleges all of its defenses to Plaintiff's individual claims in response to Plaintiff's claims on behalf of the class and each putative class member.

## PRAYER

WHEREFORE, Defendant prays for judgment from the Court against Plaintiff as follows:

1.    That Plaintiff take nothing by way of her Complaint;

9

54879386v.1

2.      That Defendant did not damage or harm Plaintiff, or any of the other members of any purported class, in any way;

3.      That Plaintiff is not entitled to any wages, compensation, benefits, penalties, restitution, injunctive relief, declaratory relief, attorneys' fees, costs or any other legal or equitable remedy due to any act or omission of Defendant;

4.      That Plaintiff is not an adequate representative to bring an action under the standards of the California Unfair Competition Law, California Business and Professions Code section 17200, *et seq.*, California Code of Civil Procedure section 382 and/or Rule 23 of the Federal Rules of Civil Procedure;

5.      That the Complaint fails to allege facts sufficient to show that there is a predominance of common questions of law or fact among Plaintiff and/or any other person upon whose behalf Plaintiff purports to act;

6.      That the Complaint be dismissed in its entirety with prejudice;

7.      That judgment be entered in favor of Defendant and against Plaintiff on their entire Complaint and on all causes of action alleged therein;

8.      That Defendant be awarded the costs of suit herein incurred as provided by statute; and

9.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: February 13, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Andrew M. McNaught
Coby Turner
Parnian Vafaeenia
Attorneys for Defendant
DEVRY UNIVERSITY, INC.

10

DEFENDANT'S ANSWER TO COMPLAINT

54879386v.1

1

## PROOF OF SERVICE

2        I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.

3    On February 13, 2019, I served the within document(s):

4        DEFENDANT DEVRY UNIVERSITY, INC.'S ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT

5

6    ☐  I sent such document from facsimile machines (415) 397-8549 on February 13, 2019.  I certify
that said transmission was completed and that all pages were received and that a report was
generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter,

7        mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in
sealed envelope(s) addressed to the parties listed below.

8

9    ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
in the United States mail at San Francisco, California, addressed as set forth below.

10   ☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
sealed envelope or package provided by an overnight delivery carrier with postage paid on

11       account and deposited for collection with the overnight carrier at San Francisco, California,
addressed as set forth below.

12

13   ☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
below.

14       Julian Hammond               jhammond@hommondlawpc.com
15       Polina Brandler                pbrandler@hommondlawpc.com
         Ari Cherniak                   acherniak@hommondlawpc.com
16       Hammondlaw, P.C.          Tel:    310-601-6766
         1829 Reisterstown Rd., Suite 410   Fax:   310-295-2385
17       Baltimore, MD  21208`

18       PLAINTIFF'S COUNSEL

19       I am readily familiar with the firm's practice of collection and processing correspondence for
mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with

20   postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.

21

22       I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.

23       I declare that I am employed in the office of a member of the bar of this court at whose direction
the service was made.

24

25       Executed on February 13, 2019, at San Francisco, California.

26                              Kathy J. Truesdale

27

28

55009005v.1